(No. 959—)

EBEN P. CLAPP AND EBEN P. CLAPP AS GUARDIAN OF THE ESTATE OF MATTHEW MORTON CLAPP, SOLE HEIRS AT-LAW OF MARY MORTON CLAPP, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 11, 1928.*

J. E. HOUSTON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought to recover inheritance taxes which is claimed to be paid to the State of Illinois in excess of the amount that should be paid as claimed by claimants.

It appears by the files that the usual course was followed in assessing the taxes in this estate. An adjudication was had upon the taxes in question by the County Court of Cook county, Illinois. A stipulation was entered into between the claimants and the defendant the State of Illinois which recites several facts and conclusions in reference to this case. However the one element of the stipulation which appears to this court controls the issue at question is in words and figures as follows:

*Twelfth:* That no appeal was taken from the order of the judge of the County Court of Cook county, Illinois, finally determining Illinois Inheritance Taxes, paid as aforesaid and the taxes so paid were not paid under protest.

Therefore it appears that the ground for resistance on the part of the Attorney General that the claimants did not follow their legal remedy, nor make any attempt to do so is sufficient to bar claimant from recovering in this case.

This court has heretofore ruled that if a claimant had a remedy in a court of general jurisdiction that this court would deny relief on the principle that claimant had a means and method to have his grievance adjudicated through a court of general jurisdiction. The statute prescribes a method of appeal in cases of this character and it would appear to this court that the claimant should follow this method of procedure if not satisfied with the ruling of the County Court of Cook County for the reason as above stated that redress could be had in the manner prescribed by law. There is also another reason that would impel this court to refuse to take jurisdiction of a case appealable in the courts of general jurisdiction and that is the fact that in so doing this court would assume the authority to review the acts and conduct of a court of general jurisdiction. The constitution and statute prescribes a method for litigants to follow in a case of this character. An appeal could be had and the trial court could be thus afforded the opportunity to have their judgments considered by a higher court as prescribed by statute and contemplated by the constitution of our State.

Therefore it is considered by this court that said claim be disallowed.